UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIAS RODRIGUEZ,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                Defendant.

1:25-CV-5606 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Elias Rodriguez, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), has filed an unsigned motion to "process [his] limited liability company."[1] (ECF 4.) Notwithstanding Plaintiff's failure to sign his motion, as required by Rule 11(a) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."), the Court must deny it.

Plaintiff's claims are being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, to which all IFP civil actions are subject, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); under that statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing § 1915(e)(2)(B)(i)-(iii)).

---

[1] Plaintiff has also filed an unsigned declaration "in opposition to defendant's[] motion for summary judgment." (ECF 5) Defendant United States of America, the sole defendant, has not, however, filed any motion for summary judgment.

Because Plaintiff's claims are still undergoing the abovementioned statutory review, it is too early to determine whether Plaintiff is entitled to the relief he seeks in his pending motion. Accordingly, the Court denies Plaintiff's pending motion (ECF 4) without prejudice to his seeking such relief at a later stage of the litigation.

The Court directs the Clerk of Court to terminate ECF 4.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 17, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge