UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIAS RODRIGUEZ,<br>Plaintiff,<br>-against-<br>UNITED STATES OF AMERICA,<br>Defendant. | 1:25-CV-5606 (KMW)<br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

Plaintiff Elias Rodriguez, appearing *pro se*, brings this action against the United States of America, seeking unspecified relief. He seems to be asserting claims *pro se* on behalf of COPS Tracker, LLC. Plaintiff states that "[t]he [r]ights of American [c]itizen are being violated." (ECF 1, at 2.) By Order dated July 25, 2025, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, leave to proceed without prepayment of fees. (ECF 7.) For the reasons set forth below, the Court dismisses this action.

## DISCUSSION

### A. Claims on Behalf of COPS Tracker, LLC

Plaintiff's name appears in the caption of his complaint. However, in the Basis for Jurisdiction section of the complaint, Plaintiff lists "COPS Tracker, LLC" in the space for "Plaintiff's name." Plaintiff cannot assert claims *pro se* on behalf of an artificial entity, such as COPS Tracker, LLC. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quoting *Eagle Assocs. v. Bank of Montreal*, 926

F.2d 1305, 1308 (2d Cir. 1991)). A person who is not a lawyer cannot bring suit on behalf of another person or on behalf of an artificial entity, *see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear without an attorney, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). This rule also applies to a limited liability company (an "LLC"), such as COPS Tracker, LLC. *See Lattanzio*, 481 F.3d at 140.

Plaintiff does not allege that he is an attorney. Accordingly, to the extent that Plaintiff asserts claims *pro se* on behalf of COPS Tracker, LLC, the Court dismisses those claims without prejudice. In addition, even if the complaint could be construed as including Plaintiff's own claims against the named Defendant, the United States of America, the Court dismisses those claims under the doctrine of sovereign immunity, for lack of subject-matter jurisdiction, because Plaintiff alleges nothing to suggest that such immunity has been waived. *See* Fed. R. Civ. P. 12(h)(3); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also Presidential Gardens Assocs. v. United State ex rel. Sec. of HUD*, 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . .").

**B. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). . Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order. The Court dismisses Plaintiff's claims that he asserts *pro se* on behalf of COPS Tracker, LLC, without prejudice. The Court dismisses Plaintiff's own claims against the United States of America under the doctrine of sovereign immunity, for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

The Court further directs the Clerk of Court to mail a copy of this Order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge